IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK DOUGHERTY,** | ) |
| | ) |
|                   **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 3:15-cv-00396-MJR |
| | ) |
| **SHERIFF JOHN LAKIN,** | ) |
| **CAPTAIN GARY BOST,** | ) |
| **DR. ROBERT BLANKENSHIP,** | ) |
| **DEPUTY MIKE HARE,** | ) |
| **NURSE BOBBY,** | ) |
| **DEPUTY TIM WALKER, and** | ) |
| **DEPUTY NORTON** | ) |
| | ) |
|                   **Defendants.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Derek Dougherty is currently incarcerated at the Madison County Jail in Edwardsville, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Dougherty has filed a civil rights action pursuant to 42 U.S.C. § 1983 against various jail deputies and jail medical staff, along with the Sheriff of Madison County, John Lakin. (*Id.* at 9.) Dougherty alleges that jail staff violated the Eighth Amendment by providing him with incorrect medications and substandard care. (*Id.* at 7-10.) He seeks $1.5 million in compensatory and punitive damages. (*Id.* at 10.)

This matter is now before the Court for a preliminary review of Dougherty's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if

the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

Dougherty has been housed at the Madison County Jail since February 17, 2015. (Doc. 1 at 7.) During that time, he claims that he has been given incorrect prescription medications by jail deputies on three occasions: twice on February 17, 2015, when Deputy Walker and Deputy Norton separately gave Dougherty a "psychotropic" medication instead of a constipation medication; and once on March 30, 2015, when Deputy Hare gave Dougherty an unknown medication instead of a multi-vitamin. (*Id.* at 7-9.) Dougherty further claims that jail staff, as opposed to medical staff, dispensed medications to him during his tenure at the jail – an activity Dougherty claims is improper and illegal. (*Id.* at 8.) Finally, Dougherty alleges that unidentified officers had improper access to the detainees' medical files. (*Id.*)

Dougherty states that he filed a grievance with Captain Bost concerning these actions, but his grievance was ignored. (*Id.* at 5.) Unsatisfied with the jail's failure to respond, Dougherty filed the instant § 1983 lawsuit in this Court on April 9, 2015. (*Id.* at 1.)

## Discussion

Dougherty's complaint focuses on the fact that Walker, Norton, and Hare provided him with incorrect medications at three points during his time at the Madison County Jail (**Count 1**), so the Court will start with that claim. It is unclear whether Dougherty is a pretrial detainee or a prisoner at the jail: pretrial detainee claims concerning medical treatment are cognizable under the Fourteenth Amendment, while prisoner claims are cognizable under the Eighth Amendment. *Rice v. Correctional Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Either way, "courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the

protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners." *Id*. To state a medical claim under the Eighth Amendment, a detainee must allege that officials were "deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

Critically, "deliberate indifference" is a robust state of mind requirement – a "defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Rather, deliberate indifference exists when an official engages in "criminal recklessness" – that is, ignorance of "a known risk." *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013). Here, Dougherty claims that Walker, Norton, and Hare "negligen[tly]" gave him the wrong medication, but that allegation does not suggest deliberate indifference by those officers. (Doc. 1 at 7-9.) Because Dougherty's existing allegations only infer negligence and not deliberate indifference, **Count 1** must be dismissed without prejudice. *See*, *e.g.*, *Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication"); *Rolland v. Corizon*, No. 1:14-cv-01442, 2014 WL 5308104, at *1 (S.D. Ind. Oct. 15, 2014) (dismissing claim because allegation that nurse gave prisoner "the wrong medication on one occasion" did "not support a constitutional claim"); *Ehrenberg v. Wis. Dep't of Corrections*, No. 10-C-1022, 2010 WL 5089484, at *2 (E.D. Wis. Dec. 7, 2010) (dismissing claim that inmate was "mistakenly [given] the wrong medication," as no "amount of evidence [could] transform [those] facts into a viable deliberate indifference claim").

Dougherty also alleges that Dr. Blankenship prescribes medications and deputies dispense them – an activity that he claims is illegal, as only medical staff should hand out medications (**Count 2**). To state a claim under § 1983, a prisoner must allege that he was

"deprived of a right secured by the Constitution or laws of the United States," and that the "deprivation was visited upon [him] by person or persons acting under color of state law." *Jones v. Wilhelm*, 425 F.3d 455, 465 (7th Cir. 2005). Dougherty does not explain how the use of officers to hand out medications, on its own, is improper. To the contrary, the activity appears to be common. *See*, *e.g*., *Davis v. Marble*, 175 F.3d 1019 (7th Cir. 1999) (noting that guards "dispensed prescribed pain medication" to inmate); *Eske v. Racine County, Wisconsin*, 142 F.3d 439 (7th Cir. 1998) (recounting use of log to show when "guards dispensed the medications"); *Mayan v. Admin. Brown Cnty. Jail & Juvenile Det. Ctr.*, No. 06-C-113, 2008 WL 269085, at *2 (E.D. Wis. Jan. 30, 2008) (noting jail's use of a "nurse or officer" to hand out "medications to those prisoners who require them"). Because Dougherty does not state why this conduct is improper or poses a risk to safety, **Count 2** must be dismissed without prejudice.

As his final claim, Dougherty alleges that unidentified deputies at the jail violated "medical privacy acts" by reviewing "private medical files of detainees" without the detainees' consent (**Count 3**). (Doc. 1 at 8.) His allegations related to this claim are deficient for two reasons. For one, Dougherty does not identify the specific defendants who reviewed the medical files, instead asserting that "Madison County Sheriff's Dept. Deputies" generally looked at the medical information. (*Id.*) A plaintiff bringing a civil rights action must allege that one or more of the named defendants "personally participated in or caused any allegedly unconstitutional action" – if he does not, his claim is subject to dismissal for lack of "personal involvement on the part of the defendant." *Alejo v. Heller*, 328 F.3d 930, 938 (7th Cir. 2003). Moreover, Dougherty does not specifically allege that his files were reviewed by any named defendant; instead, he asserts that some files of detainees were accessed. (Doc. 1 at 8.) But Dougherty cannot bring a claim premised on injury to another detainee; he must allege that "*he himself*" was subjected to

the allegedly unconstitutional behavior. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Given each of these defects, **Count 3** must be dismissed without prejudice.

Plaintiff has also filed a Motion for Copies, asking for "one copy" of the complaint submitted in this case. (Doc. 4.) The Court is under no obligation to furnish free photocopies of pleadings in civil cases to indigent litigants, even when the litigant qualifies as a pauper pursuant to 28 U.S.C. § 1915(a). *See*, *e.g*., *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (pauper status "does not give the litigant a right to have documents copied and returned to him at government expense"); *Barber v. Justus*, No. 11-626-GPM, 2012 WL 3600225, at *2 (S.D. Ill. Aug. 20, 2012) ("The court is under no obligation to furnish free photocopies to indigent defendants."). The Court's charge for photocopies is $0.50 per page. Because Dougherty has not paid the document copying fee, his motion for copies is denied without prejudice. The requested filing is fourteen pages long. Copies of it will be provided only upon prepayment of the copying fee accompanied by a renewed motion for a copy of the document.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (on or before June 5, 2015). He should label the form First Amended Complaint, and he should use the case number for this action. For Count 1, Plaintiff should include any allegations that infer that jail deputies acted with deliberate indifference in providing him with incorrect medications. For Count 2, Plaintiff should clarify why the jail's use of deputies to hand out medications is

constitutionally improper. For Count 3, Plaintiff should allege facts inferring that his own medical files were accessed, and allege which staff caused or participated in that conduct.

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the amended complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Service of Process (Doc. 3) is held in **ABEYANCE** pending receipt of a First Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Copies (Doc. 4) is **DENIED** without prejudice for failure to pay the Court's photocopying fee.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 1, 2015**

**s/ MICHAEL J. REAGAN**
**Chief Judge Michael J. Reagan**
**United States District Judge**
