IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK DOUGHERTY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  15-cv-396-MJR-SCW |
| | ) |
| **ROBERT BLANKENSHIP,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On April 9, 2015, Derek Dougherty sued a number of jail officials with the Madison County Jail, alleging that they were indifferent to his gastrointestinal needs. He was ultimately directed to file an amended complaint, and that complaint was pared down on severance grounds to an indifference claim against Dr. Blankenship, the physician at the jail. This matter is currently before the Court on Dr. Blankenship's motion to dismiss or, in the alternative, motion for summary judgment. Plaintiff has not filed a response and the deadline to do so has passed. For the reasons laid out below, the Court **GRANTS** Defendant's motion for summary judgment (Doc. 21).

### BACKGROUND

Plaintiff's amended complaint alleges that Dr. Blankenship was deliberately indifferent in treating Plaintiff's abdominal pain and constipation. Plaintiff was housed as a pretrial detainee at Madison County Jail beginning on or around February 18, 2015 (Doc. 15, p. 2; Doc. 21-1, p. 1). Shortly after arriving at the jail, he began suffering from

abdominal pain and constipation (*Id*.).  Plaintiff first saw a nurse and was given medication on the orders of Blankenship (*Id*.).  That medication did not alleviate his symptoms and he returned to the infirmary a few days later (*Id*.).  He was given a different medication by a nurse who indicated that she would speak with Blankenship about Plaintiff's condition (*Id.* at p. 2-3).  A few days later, Plaintiff was still suffering from abdominal pain and he was seen by another nurse, who put in a request for him to see Blankenship (*Id*. at p. 3).  Plaintiff's complaint alleges that he never saw Blankenship and he went without treatment for the remainder of his time at Madison County (*Id*.).

According to the facts as submitted by Blankenship, Plaintiff first filed a sick call slip on February 24, 2015 regarding depression and sleeplessness (Doc. 21-1, p. 1).  He was seen by Nurse Unfried on the following day, and he complained of difficulty sleeping (*Id*.).  At that time, Blankenship prescribed Deyrel for his insomnia (Doc. 21-1, p. 1-2).  On February 24, 2015, Plaintiff also sent in a second sick call request regarding depression, sleeplessness, and back pain (*Id*. at p. 2).  He was evaluated on February 26, 2015 by Rushing for this sick call and he again complained of sleeplessness and depression (*Id*. at p. 2).  At that time, Plaintiff demanded a prescription for Benadryl, an antihistamine which is used to treat, among other things, sleeplessness (*Id*. at p. 2).

Plaintiff filed another sick call slip on March 17, 2015 for constipation.  He was evaluated by Nurse Unfried that same day and, per the standing orders from Blankenship, was given Milk of Magnesia for his constipation (*Id*.).  Plaintiff executed another sick call slip on March 18, 2015, again complaining of constipation as well as

pain in his legs (*Id.*). Nurse Unfried saw Plaintiff again on March 19, 2015 and, pursuant to Blankenship's standing orders, he was given Dulcolox, to be taken once a day for three days (*Id.*). On that same day, Plaintiff issued another sick call slip complaining about constipation as well as athlete's foot (*Id.*). He was seen by Nurse Valerie Bassett on March 20, 2015, and she noted that he had previously been given Milk of Magnesia and Dulcolox (*Id.*). Per Blankenship's standing orders, Plaintiff was next given Bisacodyl, a laxative that stimulates bowel movements (*Id.*).

On the following day, March 21, 2015, Plaintiff issued another sick call slip for back pain. He saw Rushing on March 22, 2015, and he complained to her of leg pain caused by constipation (Doc. 21-1, p. 3). Rushing noted that Plaintiff had been prescribed Dulcolox and Bisacodyl but that Plaintiff had refused to take the medications (*Id.*). Plaintiff next issued a sick call slip for tooth pain on April 15, 2015, but when he was evaluated by Nurse Unfried on April 17, 2015, Plaintiff also complained of chronic constipation along with his toothache (*Id.* at p. 3). Plaintiff indicated that he had previously detoxed (*Id.*). It was noted that Plaintiff had a decayed right molar and he was prescribed Keflex, an antibiotic, and Motrin, a pain reliever, for his tooth (*Id.*). He next put in a sick call request on May 6, 2015 for a runny nose and bumps on his chin (Doc. 21-1, p.3-4.). After that, he put in three more sick call requests—on May 18, 2015, May 27, 2015, and June 28, 2015—regarding his tooth pain (*Id.*). There is no indication in these sick call requests that he complained of constipation.

On July 8, 2015, Plaintiff was discharged from the Madison County Jail to the

Illinois Department of Corrections (Doc. 21-1, p. 5).

### LEGAL STANDARDS

1. *Motion to Dismiss and Summary Judgment Standards*

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, **570 F.3d 811, 820 (7th Cir. 2009).** "[A] Rule 12(b)(6) motion must be decided solely on the face of the complaint and any attachments that accompanied its filing." *Miller v. Herman*, **600 F.3d 726, 733 (7th Cir. 2010) (*citing* FED. R. CIV. P. 10(c)).** "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." **FED. R. CIV. P. 12(d).**

Summary judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Marketing & Trade v. Multiut Corp.*, **648 F.3d 506, 517 (7th Cir. 2011) (*citing* FED. R. CIV. P. 56(a)).** A fact is material if it is outcome determinative under applicable law, and a genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 248 (1986).**

The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and the other information

submitted—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, **477 U.S. 317, 323 (1986).** After a proper motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, **477 U.S. at 250 (***quoting* **FED. R. CIV. P. 56(e)(2)).** A mere scintilla of evidence in support of the nonmovant's petition is insufficient; a party will be successful in opposing the motion when it presents definite, competent evidence to rebut it. *Szymanski v. Rite-Way Lawn Maintenance Co., Inc.*, **231 F.3d 360, 364 (7th Cir. 2000).**

On summary judgment, the Court considers the facts in the light most favorable to the non-movant, and adopts reasonable inferences and resolves doubts in the non-movant's favor. *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009).** Even if the material facts are not in dispute, summary judgment is inappropriate when the information before the Court reveals that "alternate inferences can be drawn from the available evidence." *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004),** *abrogated on other grounds by Spiegla II*, **481 F.3d at 966 (7th Cir. 2007).**

2.  *Deliberate Indifference Standard*

The Eighth Amendment prohibits "deliberate indifference to serious medical needs" of a prisoner. *Oliver v. Deen*, **77 F.3d 156, 159 (7th Cir. 1996).** The Eighth Amendment protections are extended to pretrial detainees under the Fourteenth Amendment Due Process Clause and the Seventh Circuit has applied the deliberate indifference standard under the Eighth Amendment to pretrial detainees. *E.g.*, *Chapman v. Keltner*, **241 F.3d 842, 845 (7th Cir. 2001);** *Mathis v. Fairman*, **120 F.3d 88, 91**

**(7th Cir. 1997);** *Payne for Hicks v. Churchich***, 161 F.3d 1030, 1041 (7th Cir. 1996).**

Officials violate a pretrial detainee's rights against "cruel and unusual punishments" if they display deliberate indifference to a detainee's serious medical needs. *Greeno v. Daley***, 414 F.3d 645, 652–53 (7th Cir. 2005)**. A prisoner is entitled to reasonable measures to meet a substantial risk of serious harm, but he is not entitled to demand specific care. *Forbes v. Edgar***, 112 F.3d 262, 267 (7th Cir. 1997).** To prevail, a prisoner who brings a claim of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster***, 658 F.3d 742, 750 (7th Cir. 2011).** The first prong looks at whether the prisoner has shown that he has an objectively serious medical need. *Id.* **at 750.** A condition need not be life threatening to be serious; rather, it could be a condition that would result in further injury or unnecessary and wanton pain if not treated. *Gayton v. McCoy***, 593 F.3d 610, 620 (7th Cir. 2010).** Only if the objective prong is satisfied is it necessary to analyze the second prong, which focuses on whether a defendant's state of mind was sufficiently culpable. *Greeno***, 414 F.3d at 652–53.**

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Id.* **at 653.** The plaintiff need not show the physician literally ignored his complaint, just that the physician was aware of the serious medical condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder***, 546 F.3d 516, 524 (7th Cir. 2008).** Courts give deference to physicians' treatment decisions, since "there is not one proper way to practice medicine, but rather a range of acceptable courses." *Jackson v.*

*Kotter*, **541 F.3d 688, 697–98 (7th Cir. 2008).** A doctor who chooses one routine medical procedure over another procedure does not violate the constitution. *McGowan v. Hulick*, **612 F.3d 636, 641 (7th Cir. 2010).** That said, persisting in a course of treatment known to be ineffective states a claim under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. *Greeno*, **414 F.3d at 655.**

## ANALYSIS

As a threshold matter, the Court notes that Plaintiff has not filed a response to the pending motion, so the Court will deem the facts as presented to be uncontroverted. *E.g., Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003);** *Flynn v. Sandahl*, **58 F.3d 283, 288 (7th Cir. 1995).** Despite Plaintiff's failure to respond, this case could still proceed to trial if the uncontroverted facts could support a finding that Dr. Blankenship was deliberately indifferent to Plaintiff's serious medical needs. *Flynn*, **59 F.3d at 288.**

The Court finds that Dr. Blankenship is entitled to summary judgment on Plaintiff's deliberate indifference claim for treatment of his abdominal pain and constipation. Here, there is no evidence of indifference on Blankenship's part. The evidence indicates that Plaintiff submitted five sick call slips for constipation and abdominal pain. For each of those, he was seen by a nurse either the same day or the next day. Plaintiff was provided several types of medication for his constipation, including Milk of Magnesia, Dulcolox, and Bisacodyl, all on the standing orders of Blankenship. There is no evidence that Blankenship ignored Plaintiff's complaints of constipation or that he refused to provide him with medication. Once more, there is

nothing to suggest that Dr. Blankenship provided Plaintiff with the same treatment despite knowing that the treatment was not working. *See Greeno*, **414 F.3d at 655 (finding deliberate indifference where medical officials persisted in a course of treatment for eighteen months despite no improvement).** Instead, when Plaintiff continued to complain of constipation after being provided with treatment, he was provided with a different medication, including an antacid/laxative and a laxative. Further, the records indicate that Plaintiff informed the nurse on April 17, 2015 that he had detoxed (Doc. 21-1, p. 3). As Plaintiff was provided with varying medications to treat his constipation, the Court finds no evidence of deliberate indifference.

## Conclusion

The Court **GRANTS** Dr. Blankenship's motion for summary judgment (Doc. 21). The **CLERK** is **DIRECTED** to enter judgment in favor of Dr. Blankenship and against Plaintiff and then close this case. All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED:   May 26, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**